UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN LAMOIT POUNDS,

Plaintiff,

v.

UNKNOWN PARTIES #1, et al.,

Defendants.
_______________________________/

Case No. 1:26-cv-1382

HON. JANE M. BECKERING

**OPINION AND ORDER**

This is an action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was assaulted in a Michigan Secretary of State's facility and subsequently received emergency medical treatment (Compl. [ECF No. 1] ¶¶ 10–12). While receiving treatment, a law enforcement officer suggested that Plaintiff had a weapon and asked to search him (*id.* ¶ 13). When Plaintiff refused, the emergency medical personnel ceased treatment (*id.* ¶¶ 15, 17). Plaintiff claims that the officer violated his Fourth Amendment rights when asking to search him, and that the emergency medical personnel violated his Fourteenth Amendment rights when ceasing to treat him (*id.* ¶¶ 22–33). The Court granted Plaintiff's application to proceed in forma pauperis (ECF No. 6).

On August 17, 2026, the Magistrate Judge issued a Report and Recommendation, recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B) on grounds that the Complaint is frivolous and fails to state a claim upon which relief may be granted. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 8). In accordance with 28 U.S.C. § 636(b)(1) and Federal

Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. Because the Court finds merit in one of Plaintiff's three objections but otherwise agrees with the Magistrate Judge's recommendations, the Court adopts the Report and Recommendation as modified herein.

First, Plaintiff asserts that the Magistrate Judge erred in dismissing Plaintiff's Fourth Amendment claim because he did not allege that a search occurred (Pl.'s Objs., ECF No. 8 at PageID.25–26, referencing R&R, ECF No. 7 at PageID.22). According to Plaintiff, "[t]he officer did more than ask Plaintiff for consent to search. After Plaintiff expressly refused consent, the officer physically grabbed Plaintiff's pocket twice in an effort to search for the reported weapon" (Pl.'s Objs., ECF No. 8 at PageID.26). But the allegation that the officer grabbed Plaintiff's pocket is not in Plaintiff's Complaint (*see* Compl. ¶¶ 9–21). Therefore, Plaintiff has not identified any error in the Magistrate Judge's analysis.

Second, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to plead sufficient facts to show how he was injured or what medical care he required (Pl.'s Objs., ECF No. 27–28, referencing R&R, ECF No. 7 at PageID.22). Plaintiff points out that he made the following allegations in his Complaint

- Plaintiff was physically assaulted (Compl. ¶ 10).
- Plaintiff sustained visible injuries to his face, head, and legs, including bleeding and bruising, and required medical attention (*id.* ¶ 11).
- Emergency medical services responded, and Plaintiff was placed inside an ambulance where emergency personnel began rendering medical care (*id.* ¶ 12).
- After medical treatment ceased, Plaintiff remained injured and in need of care and ultimately left the ambulance while still injured (*id.* ¶ 19).
- Plaintiff is permanently disabled and receives disability benefits (*id.* ¶ 21).

Plaintiff further asserts that "[a]t the pleading stage, Plaintiff's factual allegations are not properly rejected merely because Plaintiff has not yet introduced medical evidence proving the ultimate nature and extent of the injuries" (Pl.'s Objs., ECF No. 8 at PageID.27).

Plaintiff identifies no error in the Magistrate Judge's analysis. Although Plaintiff has pleaded injuries for which medical care was provided, the Magistrate Judge correctly noted that Plaintiff has not alleged specifically how he was injured or what treatment would have been proper (R&R, ECF No. 7 at PageID.22). Without these allegations, Plaintiff's Complaint gives rise only to "a sheer probability that [Defendants] . . . acted unlawfully," which is insufficient at the pleading stage (R&R, ECF No.20 at PageID.7 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff's objection is denied.

Third, Plaintiff believes the Magistrate Judge erred by determining that "it was reasonable for EMS personnel to end treatment for their own safety" (Pl.'s Objs., ECF No. 8 at PageID.27–28, referencing R&R, ECF No. 7 at PageID.22). As Plaintiff correctly states, he did not allege that he possessed or displayed any weapon, or that he threatened the officer or the EMS personnel (Pl.'s Objs., ECF No. 8 at PageID.27). Plaintiff alleged only "a reported mention of a weapon" (Compl. ¶ 13). According to Plaintff, "[a] reported mention of a weapon and an actual finding that Plaintiff posed a danger are not the same factual proposition" (Pl.'s Objs., ECF No. 8 at PageID.28). The Court agrees and modifies the Report and Recommendation to remove this rationale for dismissing the Fourteenth Amendment claim. However, because this claim fails for the independent reason that Plaintiff has not sufficiently alleged his injury and the care he required for it, this objection does not avoid dismissal.

Finally, Plaintiff argues that if his Complaint fails to state a Fourth Amendment claim, the Court should permit him to amend his Complaint to include an allegation that the officer physically

grabbed Plaintiff's pocket (Pl.'s Objs., ECF No. 8 at PageID.28). Plaintiff cites *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013), which gave district courts the discretion to allow amendment of complaints that are subject to screening under 28 U.S.C. § 1915(e)(2)(B). *LaFountain*, 716 F.3d at 951. *LaFountain*, however, does not mandate amendment in all cases subject to screening. *See id.* Here, the Court declines to grant leave to amend because Plaintiff's proposed amendment would not salvage his claim. *See Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014) (allowing district courts to refuse futile amendments). Even if Plaintiff alleges that the officer grabbed his pocket, the officer had reasonable suspicion for a stop and frisk based on the report that Plaintiff had a weapon (Compl. ¶ 13). *United States v. Underwood*, 129 F.4th 912, 933 (6th Cir. 2025) (citing *Terry v. Ohio*, 392 U.S. 1, 27 (1968)) ("An officer can frisk a person for weapons if he has reasonable suspicion that the person is armed.").

In sum, the Court adopts the Magistrate Judge's Report and Recommendation, as modified herein, to dismiss the Complaint. A Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58. For the above reasons and because this action was filed *in forma pauperis,* this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 8) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 7), as modified herein, is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: October 2, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge